# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-54 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nicolas Rosas-Gutierrez, | |
| Defendant. | |

Nancy Brasel, Assistant United States Attorney, for the Government.
Nelson L. Peralta for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 15, 2009, on Defendant's Motion to Suppress Evidence Obtained Through Illegal Search [#13]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be **DENIED as moot**.

## I. BACKGROUND

On February 19, 2009, Defendant Nicolas Rosas-Gutierrez was indicted by a United States grand jury on one count of Conspiracy to Distribute Methamphetamine and one count of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)-(b), 846 and 18 U.S.C. § 2. (Doc. No. 1.) Subsequently, law enforcement arrested Mr. Rosas-Gutierrez and conducted searches of his home and two automobiles in June and August of 2009. (Doc. Nos. 27, 29, 31, 33.) Law enforcement seized a variety of physical evidence as a result of these searches. *Id.* The instant

motion requests that the Court suppress the evidence seized as a result of the searches.

At the motion hearing of September 15, 2009, the Government represented that it does not intend to use any of the seized evidence at trial or in its case-in-chief because the February 2009 indictment covers only an alleged conspiracy beginning in December 2006 and ending in February 18, 2009. Thus, according to the Government, any physical evidence seized in June 2009 and August 2009 is not relevant to the existing indictment. However, the Government did note the possibility of a new superseding indictment covering the time frame after February 18, 2009 through August 2009. In response, Defendant requested the ability to renew his suppression motion if the Government does obtain such a superseding indictment. Counsel for the Government represented that if the Government obtains a superseding indictment extending the conspiracy time frame through August 2009, the Government will not object to Defendant renewing his suppression motion.

## II.   ANALYSIS

Based on the Government's representation that it does not intend to offer at trial or in its case-in-chief any of the physical evidence seized in June 2009 or August 2009, and based on the Government's representation that it will not object to a renewed suppression motion if a superseding indictment extends the conspiracy time frame through August 2009, the motion is denied as moot.

The motion is denied in all other respects.

## III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained Through Illegal Search [#13] be **DENIED as moot**.

DATED: September 23, 2009         *s/ Franklin L. Noel*
                                  FRANKLIN L. NOEL
                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 7, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 7, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.